## IN THE CIRCUIT COURT OF ST. JOSEPH COUNTY
## STATE OF INDIANA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Young I. Kim and Young H. Kim, </br></br>*Plaintiff,* </br></br>v. </br></br>RHEEM MANUFACTURING COMPANY and RELIANCE WORLDWIDE CORPORATION d/b/a CASH ACME, </br></br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>Case No.:   71C01-2203-CT-000083 </br></br></br>JURY DEMAND |

## COMPLAINT

Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Young I. Kim and Young H. Kim, through its undersigned attorneys, complains of Defendants RHEEM MANUFACTURING COMPANY and RELIANCE WORLDWIDE CORPORATION d/b/a CASH ACME, as follows:

## THE PARTIES

1. Plaintiff State Farm Fire and Casualty Company ("State Farm Fire and Casualty") is an insurance company duly authorized to conduct business in the State of Indiana.

2. At all material times, Young I. Kim and Young H. Kim ("hereinafter "the Kims") were the owner of a home located at 51670 Ashton Court, Grainger, Indiana 46530 (the "Home").

3. At all material times, the Home was the subject of a policy of insurance written by Plaintiff State Farm Fire and Casualty, which, among other things, provided coverage for damage caused to the Home by water.

4. Upon information and belief, at all material times Defendant Rheem Manufacturing Company (hereinafter "Rheem") was a Delaware corporation with its principal place of business in Atlanta, Georgia, and was engaged in the business designing, manufacturing, marketing, and distributing water heaters and/or components of water heaters in the State of Indiana.

5. Upon information and belief, at all material times Defendant Reliance Worldwide Corporation d/b/a Cash Acme (hereinafter "Cash") was an Alabama corporation with its principal place of business in Cullman, Alabama, and was engaged in the business of designing, manufacturing, marketing, and distributing temperature and pressure control valves (hereinafter "T&P valve") and/or components of water heaters in the State of Indiana.

## FACTUAL ALLEGATIONS

6. This action arises out of water damage caused to the Home and its equipment on or about March 3, 2020.

7. Investigations into the water loss revealed that it was caused by a failure in the water heater at the home, which was marketed, distributed, and sold as a Rheem water heater, model number XG40T06PV40UO (the "subject water heater").

8. Specifically, the T&P valve of the subject water heater malfunctioned, allowing water to drain from the water tank and flood the Home.

9. The Kims retained ICON Plumbing and Construction to complete the installation of the water heater at issue.

10. Two water heaters, both of the same model, were purchased at Home Depot.

11. Upon information and belief, the subject water heaters were installed at the Home by ICON Plumbing and Construction on or about August 15, 2018.

12. Upon information and belief, Defendants Rheem and/or Cash designed, manufactured, marketed, distributed, and/or sold the subject water heater and/or the T&P valve of the subject water heater.

13. Upon information and belief, the subject water heater and/or T&P valve was not altered, modified, or repaired in any way subsequent to its purchase and installation at the Home.

14. Pursuant to their policy of insurance, the Kims made a claim seeking indemnification and reimbursement for the damage caused by the March 3, 2020 water loss at the Home.

15. Plaintiff State Farm Fire and Casualty has since paid to or on behalf of the Kims a sum in excess of $1,000,000 for repairs, replacement, and other associated expenses stemming from the water loss.

16. In consideration of this payment by Plaintiff State Farm Fire and Casualty to or on behalf of the Kims, and by operation of law, State Farm Fire and Casualty became an actual, bona fide subrogee of the Kims, and became subrogated to his rights and claims against any person or entity that may be liable for causing the water loss at the Home.

## COUNT I
## STRICT PRODUCT LIABILITY—RHEEM

17. Plaintiff State Farm Fire and Casualty repeats and re-alleges the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth in this Count I.

18. Upon information and belief, at all material times, Defendant Rheem designed, manufactured, distributed, marketed, and/or sold water heaters and/or certain components of water heaters, including the subject water heater.

19. Upon information and belief, the subject water heater was distributed for sale to the general public and consumers, including the Kims, in the same condition in which it was manufactured, designed, assembled, tested, inspected, distributed, marketed, and/or sold.

20. At all material times, the subject water heater was used by the Kims for its ordinary, normal, and foreseeable use as a water heater.

21. Upon information and belief, the subject water heater was not altered, modified, or repaired in any way subsequent to its purchase by the Kims.

22. At all material times, Defendant Rheem was under a duty not to sell or supply products or components of products, including the subject water heater, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

23. The subject water heater and its T&P valve were unreasonably dangerous and defective in light of its foreseeable and intended use at the time they left the control of Defendant Rheem in one or more of the following ways:

   a. The water heater and T&P valve were improperly manufactured so as to allow water to escape when the valve did not operate;

   b. The water heater and T&P valve were improperly designed so as to allow water to escape when the T&P valve failed to operate;

   c. The water heater and T&P valve were improperly tested so as to prevent a malfunction;

   d. The water heater and T&P valve was improperly inspected so as to allow a malfunction to occur;

   e. The water heater and T&P valve were improperly manufactured using unsafe and improper materials;

   f. The water heater and T&P valve failed to warn of the risk of malfunction and related risk of water damage;

4

      g.    The water heater and T&P valve failed to properly operate in conformance with the typical useful life of such items; and/or

      h.    Was otherwise unreasonably dangerous and/or defective.

24. As a direct and proximate result of the failure of Defendant Rheem to properly design, manufacture, and/or sell a safe water heater and/or components of the subject water heater, Plaintiff State Farm Fire and Casualty, as subrogee of the Kims, suffered damages, including the cost of repair, replacement, and other associated expenses in a sum in excess of $1,000,000.

WHEREFORE, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of subrogee of Young I. Kim and Young H. Kim, respectfully requests that this Court enter judgment in its favor and against Defendant RHEEM MANUFACTURING CORP. in an amount in excess of $1,000,000, and for such other or further relief as the Court deems equitable and just.

## COUNT II
## STRICT PRODUCT LIABILITY—CASH

25. Plaintiff State Farm Fire and Casualty repeats and re-alleges the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth in this Count II.

26. On information and belief, at all material times, Defendant Cash designed, manufactured, distributed, marketed, and/or sold T&E valves and/or certain components of water heaters, including the T&E valve of the subject water heater.

27. On information and belief, the subject water heater T&E valve was a component part of a Rheem water heater for sale to the general public and consumers, including The Kims, in the same condition in which it was manufactured, designed, assembled, tested, inspected, distributed, marketed, and/or sold.

5

28. At all material times, the subject water heater, including the T&E valve, was used by The Kims for its ordinary, normal, and foreseeable use as a water heater.

29. Upon information and belief, the subject water heater was not altered, modified, or repaired in any way subsequent to its purchase by The Kims.

30. At all material times, Defendant Cash was under a duty not to sell or supply products or components of products, including the T&E valve of the subject water heater, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

31. The subject water heater and its T&E valve were unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Defendant Cash in one or more of the following ways:

   a. The T&E valve was improperly manufactured so as to allow water to escape the water heater;

   b. The T&E valve was improperly designed so as to allow water to escape the water heater;

   c. The T&E valve was improperly tested so as to prevent a malfunction;

   d. The T&E valve was improperly inspected so as to allow a malfunction to occur;

   e. The T&E valve was improperly manufactured using unsafe and improper materials;

   f. The T&E valve failed to contain proper warnings on the risk of malfunction and related risk of water damage; and/or

   g. Was otherwise unreasonably dangerous and/or defective.

32. As a direct and proximate result of the failure of Defendant Cash to properly design, manufacture, and/or distribute the T&E valve of the subject water heater, Plaintiff State Farm Fire and Casualty, as subrogee of the Kims, suffered damages, including the cost of repair, replacement, and other associated expenses in a sum in excess of $1,000,000.

WHEREFORE, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as subrogee Young I. Kim and Young H. Kim, respectfully requests that this Court enter judgment in its favor and against Defendant CASH HEATING PRODUCTS in an amount in excess of $1,000,000, and for such other or further relief as the Court deems equitable and just.

## COUNT III
## NEGLIGENCE—RHEEM

33. Plaintiff State Farm Fire and Casualty repeats and re-alleges the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth in this Count III.

34. At all material times, Defendant Rheem owed a duty to the Kims to exercise reasonable skill and care in designing, marketing, distributing, and/or selling the subject water heater and its components.

35. In breach of this duty, Defendant Rheem, through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   a. Failed to properly manufacture the subject water heater and/or its components;

   b. Failed to properly design the subject water heater so as to prevent water escape;

   c. Failed to property test the subject water heater so as to prevent water escape;

   d. Failed to properly inspect the subject water heater so to prevent water escape;

7

e.  Failed to use safe and proper materials in the manufacture of the subject water heater;

f.  Failed to warn of the risk of malfunction and related risk of water damage; and/or

g.  Was otherwise negligent.

36. As a direct and proximate result of the negligence of Defendant Rheem, Plaintiff State Farm Fire and Casualty, as subrogee of the Kims, suffered damages, including the cost of repair, replacement, and other associated expenses, in an amount in excess of $1,000,000.

WHEREFORE, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of subrogee of Young I. Kim and Young H. Kim, respectfully requests that this Court enter judgment in its favor and against Defendant RHEEM MANUFACTURING CORP. in an amount in excess of $1,000,000, and for such other or further relief as the Court deems equitable and just.

## COUNT IV
## NEGLIGENCE—CASH

37. Plaintiff State Farm Fire and Casualty repeats and re-alleges the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth in this Count IV.

38. At all material times, Defendant Cash owed a duty to the Kims to exercise reasonable skill and care in designing, marketing, distributing, and/or selling the subject water heater and/or its components.

39. In breach of this duty, Defendant Cash, through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

a.  Failed to properly manufacture the T&E valve of the subject water heater;

b.  Failed to properly design the T&E valve of the subject water heater;

c.  Failed to properly test the T&E valve of the subject water heater;

8

   d.  Failed to properly inspect the T&E valve of the subject water heater;

   e.  Failed to use safe and proper materials in the manufacture of the T&E valve of the subject water heater;

   f.  Failed to warn of the risk of malfunction and related risk of water damage; and/or

   g.  Was otherwise negligent.

40. As a direct and proximate result of the negligence of Defendant Cash, Plaintiff State Farm Fire and Casualty, as subrogee of the Kims, suffered damages, including the cost of repair, replacement, and other associated expenses, in an amount in excess of $1,000,000.

WHEREFORE, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of subrogee of Young I. Kim and Young H. Kim, respectfully requests that this Court enter judgment in its favor and against Defendant CASH HEATING PRODUCTS in an amount in excess of $1,000,000, and for such other or further relief as the Court deems equitable and just.

Dated: March 2, 2022

                Respectfully submitted,

                STATE FARM FIRE AND CASUALTY
                COMPANY, as subrogee of
                Young I. Kim and Young H. Kim

                By: */s/ Brad M. Gordon*
                    One of Its Attorneys

Brad M. Gordon
GROTEFELD HOFFMAN GORDON
OCHOA & EVINGER, LLP
311 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
312-551-0200
Indiana Attorney No. 21913-45

9